IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL E. REESE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:18-CV-01059-KOB |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This medical malpractice case comes before the court on defendant's motion for summary judgment (doc. 25). For the reasons set forth below, the court will **GRANT** the motion and enter summary judgment for the United States and against plaintiff Michael Reese.

**Factual and Procedural Background**

This case arose from a steroid injection that Mr. Reese received in his right wrist at the Birmingham, Alabama VA Medical Center in April of 2016. (Doc. 26-1 at 10–11; doc. 1 at 5). Mr. Reese claims that Dr. Matthew Mino failed to properly sterilize the needle before he administered the injection to Mr. Reese. Mr. Reese also alleges that Dr. Luis Vasconez failed to supervise Dr. Mino to ensure that he followed the proper protocol for administering the injection. These failures, Mr. Reese alleges, constituted a breach of the standard of care and led to a subsequent infection in Mr. Reese's right wrist at the injection site. (Doc. 26-1 at 10–11).

The May 15, 2020 deadline for expert disclosures under this court's scheduling order has come and gone. (Doc. 24 at 2). Mr. Reese has not designated an expert. (*See* doc. 26-1 at 14–15; doc. 26-3 at 4). As such, the Government has moved for summary judgment under the Alabama Medical Liability Act, as applied to the United States through the Federal Tort Claims Act; that

1

Act generally requires plaintiffs in medical malpractice cases to employ expert testimony to prove the breach element of a medical malpractice claim.

Mr. Reese did not respond to the Government's motion for summary judgment.

**Summary Judgment Standard**

Although Mr. Reese did not respond to the Government's motion for summary judgment, the court will not grant the Government's motion simply by default. *See Trs. of the Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emps. v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004) ("the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion") (quoting *United States v. One Piece of Property, 5800 S.W. 4th Ave., Mia., Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004)) (alterations omitted).

Instead, the court may grant an unopposed motion for summary judgment if its entry of summary judgment would be *otherwise appropriate* under Rule 56, Fed. R. Civ. P. *Wolf Crane*, 374 F.3d at 1039 (citing *One Piece of Property*, 363 F.3d at 1101). Under Rule 56, summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Wolf Crane*, 374 F.3d at 1039 (quoting *One Piece of Property*, 363 F.3d at 1101; Fed. R. Civ. P. 56(c)).

The court must "view the evidence presented through the prism of the substantive evidentiary burden" to determine whether a factfinder could reasonably find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). And the court must view all evidence and inferences drawn from the underlying facts in the light most favorable to the

non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

**Discussion**

As stated above, Mr. Reese's sole cause of action in this case is a medical malpractice claim brought against the United States through the Federal Tort Claims Act. Under the FTCA, the federal government "shall be liable…in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. If a private physician in Alabama had performed the allegedly tortious procedure on Mr. Reese, any claim by Mr. Reese against that private physician would be governed by the Alabama Medical Liability Act. *See* Ala. Code § 6-5-548(a). Therefore, Mr. Reese's claim against the federal government is likewise governed by AMLA. *See Moore v. Guzman*, 362 F. App'x 50, 53 (11th Cir. 2010) (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)) ("state law is the source of substantive liability under the FTCA") (internal quotation marks omitted).

Under AMLA, a medical malpractice plaintiff must prove by "substantial evidence" that the healthcare provider breached the standard of care. Ala. Code § 6-5-548(a). And "the plaintiff in a medical malpractice action must ordinarily establish the defendant physician's negligence through expert testimony as to the standard of care and the proper medical treatment." *Pruitt v. Zeiger*, 590 So. 2d 236, 237–38 (Ala. 1991) (citing *Bates v. Meyer*, 565 So. 2d 134, 136 (Ala. 1990)).

The Government has proffered uncontroverted medical expert testimony that "the procedure for the steroid injection into [Mr. Reese's] right wrist…[met] the medical standard of care;" and that "one cannot eliminate the risk of infection even with [the proper procedure] in place." (Doc. 26-13 at 5).

Because Mr. Reese has presented no medical expert evidence of his own to show that Drs. Mino and Vasconez breached the standard of care, the court finds as a matter of law that he has not presented "substantial evidence" as to the element of breach. *See Pruitt*, 590 So. 2d at 238 ("the failure of an expert to establish the standard of care results in a lack of proof essential to a medical malpractice plaintiff's case") (citing *Rosemont, Inc. v. Marshall*, 481 So. 2d 1126 (Ala. 1985)).

As such, the court concludes that no genuine issue of material fact exists as to whether Drs. Mino and Vasconez breached the standard of care in treating Mr. Reese; accordingly, the Government is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

**Conclusion**

Because Mr. Reese's claim fails under AMLA, it also fails under the FTCA. The court, by contemporaneous order, will therefore **GRANT** the Government's motion for summary judgment (doc. 25) and will **ENTER SUMMARY JUDGMENT** for the Government and against Mr. Reese.

**DONE** and **ORDERED** this 14th day of October, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE